UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEHMET EMIN TATAS, <br><br>                              Plaintiff, <br><br> - *against* - <br><br> ALI BABA'S TERRACE, INC., ALI RIZA DOGAN, SENOL BAKIR and TOLGAHAN SUBAKAN, <br><br>                              Defendants. | **OPINION AND ORDER** <br><br> 19-cv-10595 (ER) |

Ramos, D.J.:

On March 31, 2022, the Court denied in part and granted in part a motion for summary judgment filed by Ali Baba's Terrace, Inc., Ali Riza Dogan, Senol Bakir, and Tolgahan Subakan, ("Defendants").  Doc. 122.  Pending before the Court is Defendants' motion for reconsideration with respect to three specific claims denied on summary judgment: (1) the discrimination claims based on Tatas' race and national origin under 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL; (2) the hostile work environment claims under 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL; and (3) the claim for back pay.  Doc. 124.  For the reasons set forth below, the motion is DENIED.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Factual Background[1]

#### a.  The Parties

This action arises from Tatas' claims of discrimination during his employment at Ali Baba's Terrace ("Ali Baba's"), a Turkish restaurant in Manhattan.  Doc. 93 at ¶ 1.

---

[1] These facts are undisputed unless otherwise noted.

Tatas, who is Kurdish, was born in Diyarbakir, Turkey. *Id.* at ¶ 25. Tatas began working at Ali Baba's as a waiter on November 15, 2011. *Id.* at ¶ 40. He was fired in May 2016. Doc. 97 at ¶ 123. The Court assumes familiarity with its March 31 Order, which describes in detail several incidents between Tatas and the Defendants which form the basis for his discrimination and hostile work environment claims.

In relevant part, Tatas alleged that Ali Riza Dogan, as well as two former co-workers, Senol Bakir and Tolgahan Subakan, discriminated against him and created a hostile work environment based on his Kurdish ethnicity and a disability— a basal cell carcinoma on his nose. Doc. 122 at 1, 21. Dogan was the owner and President of Ali Baba's. Doc. 93 at ¶ 7. Bakir worked as the kitchen manager. *Id.* at ¶ 16. Subakan worked as a chef. *Id.* at ¶ 20. Neither Bakir or Subakan had authority over the waiters at Ali Baba's. *Id.* at ¶¶ 18, 23.

It is heavily disputed whether Dogan was aware that Tatas was Kurdish when Tatas first began working at Ali Baba's. While the Defendants assert that Dogan knew that Tatas was Kurdish from the outset of his employment, Tatas contends that he did not tell anyone at Ali Baba's that he was Kurdish. Doc. 93 at ¶ 49; Doc. 97 at ¶ 49. Tatas also disputes that Dogan, who was born in Turkey, is Kurdish. Doc. 93 at ¶ 9; Doc. 97 at ¶ 9. Dogan asserts that he is Kurdish. Doc. 93 at ¶ 9.

### b. Discriminatory Incidents

The alleged discriminatory conduct that forms the basis of Tatas' complaint began in February 2016, approximately four-and-a-half years after he began working at Ali Baba's, when Tatas alleges that the Defendants became aware that he is Kurdish. Doc. 122 at 3. Tatas alleges that Bakir, Subakan, and Dogan verbally and physically assaulted him, including calling him a terrorist when they became aware that he was Kurdish. *Id.* at 4. The

Defendants deny these incidents occurred.  *Id.*  However, Tatas submitted an audio recording of what he asserts was an assault by Dogan in February 2016, along with certified translations.  Doc. 99-3, Ex. 25.  A verbal and physical altercation can be heard on the recording.

### B. Procedural Background

Tatas brought this action on May 16, 2017 in New York Supreme Court.  Doc. 1-2.  Tatas filed a second lawsuit in New York Supreme Court on September 18, 2019.  Doc. 1-1 at 2.  Defendants removed both lawsuits to this Court in November 2019.  Doc 1.  Defendants' motion to consolidate these two cases was granted on December 17, 2019.  Doc. 21.

The Defendants moved for partial summary judgment on July 30, 2021. [2]  Doc. 86.  On September 14, 2021, the Defendants filed a notice of Ali Baba's bankruptcy and a motion to extend the automatic stay to the individual defendants.  Doc. 104.  This Court granted the Defendants' motion, and stayed the action in its entirety.  Doc. 107.  When the Defendants notified the Court of the resolution of Ali Baba's bankruptcy proceedings on January 3, 2022, the Court lifted the stay in the action.  Doc. 113.

---

[2] Tatas' complaint includes a total of fourteen claims:  (1) racial discrimination under Title VII against Ali Baba's; (2) retaliation under Title VII against Ali Baba's; (3) discrimination under 42 U.S.C. § 1981 against all Defendants; (4) race discrimination under the New York State Human Rights Law ("NYSHRL") against all Defendants; (5) disability discrimination under the NYSHRL; (6) hostile work environment under the NYSHRL against all Defendants; (7) retaliation under the NYSHRL against all Defendants; (8) aiding and abetting retaliatory conduct under the NYSHRL against all Defendants; (9) race discrimination under the New York City Human Rights Law ("NYCHRL") against all Defendants; (10) disability discrimination under the NYCHRL against all Defendants; (11) discriminatory retaliation under the NYCHRL against all Defendants; (12) aiding and abetting in discriminatory and retaliatory conduct under the NYCHRL against all Defendants; (13) discriminatory intimidation/threatening under the NYCHRL against all Defendants (14) employer liability for discriminatory conduct by an employee under the NYCHRL.

3

Defendants moved for summary judgment on (1) both Title VII claims for discrimination and retaliation against Ali Baba's; (2) all claims against Bakir and Subakan; (3) the discrimination claims based on Tatas' race and national origin under 42 U.S.C. § 1981, N.Y. Exec. Law § 296, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, et seq. ("NYCHRL"); (4) the discrimination claims based on Tatas' disability under the NYSHRL and the NYCHRL, (5) the hostile work environment claims under 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL; and (6) the claim for back pay.[3]  Doc. 118 at 1.  This Court granted summary judgment in part and denied in part on March 31, 2022.  Doc. 122.  Specifically, the Court granted Defendants' motion for summary judgment on the Title VII claims as time-barred.  *Id.* at 13.  Summary judgment was also granted on the claims for disability discrimination under the NYSHRL and the NYCHRL, because Tatas failed to establish a *prima facie* case of disability discrimination.  *Id.* at 24.  Summary judgment was denied for (1) all claims against Bakir and Subakan on the basis of insufficient service, (2) the race and national origin discrimination claims under Section 1981, the NYSHRL, and the NYCHRL, (3) the hostile work environment claims under Section 1981, the NYSHRL, and the NYCHRL, and (4) the claim for back pay.  *Id.* at 29.

On April 14, 2022, the Defendants filed the instant motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York.  Doc. 123.  Defendants ask this Court to reconsider three of the four claims it denied on summary judgment:  the race and national origin discrimination claims under Section

---

[3] Defendants did not move for summary judgment on Tatas' retaliation claim under the NYHSRL.

1981, the NYSHRL, and the NYCHRL; the hostile work environment claims under Section 1981, the NYSHRL, and the NYCHRL; and the claim for back pay. *Id.* at 6. Defendants do not ask the Court to reconsider the claims against Bakir and Subakan on the basis of insufficient service. Doc. 123.

## II.   STANDARDS OF REVIEW

### A.   Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)

"The standards governing motions to alter or amend judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical." *Farez-Espinoza v. Napolitano*, No. 08 Civ. 11060 (HB), 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009) (citing *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)). "A motion for reconsideration or re-argument shall be granted only if the court has overlooked 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citation omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995)). Furthermore, whether to grant or deny a motion brought under Rule 59(e) is within "the sound discretion of the district court." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ. 5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009); *see also McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

### III. DISCUSSION

In support of their motion, Defendants make three arguments concerning the race and national origin discrimination claims under Section 1981, the NYSHRL, and the NYCHRL. They argue that: (1) Tatas was too late to state a claim for discriminatory demotion; (2) there is no actionable dispute as to Dogan's Kurdish national origin; and (3) that the Court failed to complete the full *McDonnell Douglas* analysis. Doc. 123 at 6–7. They also argue that the Court should reconsider the hostile work environment claims under Section 1981, the NYSHRL, and the NYCHRL because the harassment claims cannot be imputed to Ali Baba's. *Id.* at 7. Lastly, Defendants argue that Tatas' back pay damages through May 9, 2021 are nonexistent. *Id.* The Court considers each of these arguments in turn.

### A. Discrimination Claims Under Section 1981, the NYSHRL, and the NYCHRL

In its opinion, the Court concluded that there existed genuine disputes of material fact as to whether Tatas established an inference of discriminatory intent. Doc. 122 at 21 n.21. The Court pointed to several facts in dispute that, taken together, could not meet the high burden of showing "no genuine dispute as to any material fact." *See* Doc. 122 at 18–20. The key disputes of facts include when the individual defendants became aware

6

of Tatas' national origin and the alleged misconduct that forms the basis of Tatas' discrimination and harassment claims.  *Id.*

### i. Tatas' Demotion Claim

As a preliminary matter, Defendants ask the Court to disregard Tatas' claims of demotion, as they were asserted for the first time in the summary judgment briefing. Doc. 123 at 9–10.  In his opposition to Defendants' motion for reconsideration, Tatas concedes that the demotion claim was an error and withdrew the claim.  Doc. 128 at 2. Accordingly, the Court need not address the demotion claim.

### ii. Dogan's National Origin

Defendant seeks reconsideration of this Court's conclusion that a genuine dispute exists as to Dogan's Kurdish national origin.  Doc. 123.  Defendants argue that reconsideration is warranted because this Court "overlooked facts establishing, as a matter of law, that . . . there is no actionable dispute as to Dogan's Kurdish national origin."  *Id.* at 8.  They contend the Court failed to outline what specifically supported the conclusion that there is a genuine issue of fact as to Dogan's national origin.  *Id.* at 10.

On reconsideration, the Court finds that there is no genuine dispute that Dogan is Kurdish.  Nevertheless, this does not bar a finding of racial discrimination against Tatas, as Dogan's nationality is not a *material* fact in this case.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011).

Defendants argued that the discrimination claims based on Tatas' race and national origin were less plausible because Dogan himself is Kurdish and that there is a strong implication that a member of a protected class would not discriminate against another member of that class.  *See* Doc. 129 at 6, *see also* Doc. 122 at 18.  While courts

7

do draw an inference against discrimination in those cases and it may be a strong consideration, it is not dispositive and "it is not impossible for an individual of a protected class to discriminate against others who are also members of the class . . . ." *See Hauptman v. Concord Fabrics,* No. 98 Civ. 1380 (LBS), 1999 WL 527970, at *1 (S.D.N.Y. July 22, 1999). Accepting that Dogan is Kurdish does not affect the Court's conclusion that Defendants failed to demonstrate the absence of a genuine dispute of material fact as to whether Tatas established an inference of discriminatory intent, thus precluding summary judgment.

### iii. The *McDonell Douglas* Framework

In the March 31 Order, the Court concluded that because the Defendants failed to demonstrate the absence of a genuine dispute of material fact as to whether Tatas established an inference of discriminatory intent, it would not address the parties' remaining arguments. Doc. 122 at 21 n.21. Defendants argue that this Court failed to properly go through the next two steps in the *McDonnell Douglas* three-step-burden-shifting framework. Doc. 123 at 13–14.

For the discrimination claims under Section 1981 and the NYSHRL, the plaintiff must first demonstrate a *prima facie* case of discrimination, which requires a showing of some admissible evidence of circumstances that would be sufficient to infer a discriminatory motive. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If a plaintiff successfully presents a *prima facie* case, the defendant must *then rebut the presumption* by articulating a legitimate, non-discriminatory reason for its adverse employment action (in this case, Tatas' termination). *Abdu-Brisson* v. *Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)) (emphasis added).

Because the Defendants failed to demonstrate the absence of a genuine dispute of material fact as to whether Tatas established an inference of discriminatory intent, the Court correctly ended its analysis under the *McDonnell Douglas* framework. It need not consider whether Defendants articulated a legitimate, non-discriminatory reason for its action.

Even if the Court had undertaken to do so, Defendants' continued reliance on disputed material facts to establish their "legitimate, non-discriminatory reasons" for terminating Tatas would have precluded summary judgment. In other words, even if the Court had determined that there was no material dispute as to a legitimate, non-discriminatory reason to terminate Tatas (i.e., that he in fact behaved rudely, inappropriately, and insubordinately),[4] Defendants' entitlement to summary judgment would still fail because at the third step of the *McDonell Douglas* analysis, there exists a dispute of material fact as to whether the termination was pretextual. Summary judgment is only appropriate where the movant shows that there is *no* genuine dispute as to any material fact.

### B. The Hostile Work Environment Claims Against Ali Baba's

This Court determined that Defendants failed to demonstrate the absence of any genuine issue of material fact on the hostile work environment claim under Section 1981, the NYSHRL, and the NYCHRL. Doc. 122 at 7.

Defendants ask that if this Court agrees that Dogan is Kurdish, it re-analyze whether Tatas can demonstrate that Dogan's alleged harassment was *because* he is Kurdish, and that it reconsider the liability analysis necessary to establish a hostile work environment against Ali Baba's. Doc. 123 at 16. Defendants believe the Court

---

[4] Doc. 124 at 13.

overlooked the question of whether the conduct of the individual Defendants may be imputed to Ali Baba's. *Id.*

As a preliminary matter, while the Court does agree that it has been established that Dogan is Kurdish, it declines to reanalyze whether Tatas can demonstrate that Dogan's alleged harassment was due to his national origin. *See supra* II. A. ii.

Secondly, in arguing that liability is improperly imputed on Ali Baba's, the Defendants argue that the company provided a reasonable avenue for complaints and that Dogan took the appropriate action when he received complaints. Doc. 123 at 17, *see also* Doc. 129 at 10. They also argue Tatas' claims to the contrary are conclusory. *Id.* As stated in its Order, the Court disagrees and finds that Tatas has set forth significant, admissible evidence on which a reasonable factfinder could decide in his favor. "To avoid summary judgment, all that is required of the non-moving party is a showing of sufficient evidence supporting the claimed factual dispute as to require a judge or jury's resolution of the parties' differing versions of the truth." *Senno,* 812 F. Supp. 2d at 468 (S.D.N.Y. 2011).

As there are no facts that the Court has overlooked, Defendants motion to reconsider is denied on this point.

### C. Back Pay Claim

In its Order the Court declined to decide whether unemployment benefits should be deducted from a back pay award and thus could not determine as a matter of law whether Tatas is entitled to recover back pay. Doc. 122 at 29. Accordingly, Defendants motion for summary judgment was denied. *Id.*

Defendants fail to make new arguments for why the Court should decide whether unemployment earnings should be considered during the summary judgment stage. Thus, the Court declines to reconsider the use of its discretion in this matter. *Dailey v. Societe Generale*, 108 F.3d 451, 460–61 (2d Cir. 1997).

As to Defendants' arguments in the instant motion that Tatas' annual earnings since being terminated from Ali Baba's exceed those while employed, there remains a genuine dispute of material facts. Defendants contend that the $31,167.60 Tatas currently earns annually in wages (excluding unemployment insurance benefits) is more than the $29,069.84 Tatas earned annually as an employee at Ali Baba's and that therefore back pay is nonexistent. Doc. 129 at 11. However, in his opposition, Tatas repeats that the comparison point is the $48,000 (on average) per year he *would* have earned at Ali Baba's had he not been terminated, not the average of $29,000 he earned annually before his termination. Doc. 128 at 22–23. Importantly, the parties dispute how much Tatas earned during his employment at Ali Baba's.

Given the presence of disputed material facts, summary judgment was correctly denied as to the back pay claim.

**IV.     CONCLUSION**

For the reasons set forth above, the Defendants' motion for reconsideration of the Court's March 31 Order is denied. The Clerk is respectfully directed to terminate the motion, Doc. 123.

SO ORDERED.

Dated:   December 30, 2022
         New York, New York

_____
Edgardo Ramos, U.S.D.J.