UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEHMET EMIN TATAS,

        *Plaintiff*,

v.

ALI BABA'S TERRACE, INC., ALI RIZA DOGAN, SENOL BAKIR, and TOLGAHAN SUBAKAN,

        *Defendants*.

Case No. 1:19-cv-10595-ER

**MEMORANDUM OF LAW IN SUPPORT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF MEHMET EMIN TATAS**

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as Counsel for Plaintiff Mehmet Emin Tatas ("Plaintiff") in the above-captioned action (the "Action") pursuant to Local Civil Rule 1.4 (the "Motion").

**BACKGROUND**

This Action was removed to the Southern District of New York on November 15, 2019 (ECF No. 1). Quinn Emanuel first appeared as *pro bono* counsel on February 21, 2023 (ECF No. 136-137). Prior to Quinn Emanuel's engagement as *pro bono* counsel, Plaintiff represented himself *pro se*. Stykes Decl. ¶ 5. A Jury Trial was held from April 1, 2024 through April 9, 2024 with a verdict entered by the Clerk of Court on April 16, 2024 (ECF No. 219).

Due to an irrevocable breakdown in the attorney-client relationship, Quinn Emanuel now seeks to withdraw from representation of Plaintiff in this Action. Stykes Decl. ¶ 10. Quinn Emanuel cannot explain the specific reasons without violating client confidentiality, but should the Court wish to receive additional details about the issues surrounding this Motion, we are

1

prepared to present that information at an in camera *ex parte* hearing with Mr. Tatas present, should the Court request it. *Id.*

## ARGUMENT

Pursuant to Local Civil Rule 1.4, an attorney of record may withdraw from a case pursuant to court order following a showing of "satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar." In considering motions to withdraw, courts "analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

Quinn Emanuel seeks to withdraw from this Action because of an irrevocable breakdown in the attorney-client relationship. Stykes Decl. ¶ 10. Inability to serve effectively as counsel for the represented party is a "satisfactory reason" for withdrawal under Local Civil Rule 1.4. *See, e.g.*, *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (listing cases); *id.* ("[S]trong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *id.* at *4 ("Under New York law, good cause for withdrawal exists where there are irreconcilable differences … where the client flatly challenged counsel's loyalty and professional integrity, or where the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate.") (citation, internal quotations, and brackets omitted); *Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff"); *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) ("Although [the client] opposes the

application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both.").

Quinn Emanuel's withdrawal will not impact the timing of this Action, given that the seven-day Jury Trial has concluded, and the only remaining activity is Defendants' post-trial motion for attorneys' costs and fees. The parties have agreed to adjourn the briefing on that motion for 60 days to allow Plaintiff time either to seek new counsel or to proceed *pro se* as he did prior to Quinn Emanuel's engagement as *pro bono* counsel. Stykes Decl. ¶¶ 7-8. Defendants have confirmed that they will not oppose the Motion. Stykes Decl. ¶ 8. Accordingly, Quinn Emanuel has made the requisite showing under Local Civil Rule 1.4.

## CONCLUSION

For the foregoing reasons, Quinn Emanuel respectfully requests that the Court grant its Motion to Withdraw as *pro bono* Counsel for Plaintiff.

Dated: May 3, 2024
New York, New York

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: /s/ *Jacqueline Stykes*
Jacqueline Stykes
Mark Fuchs
Katherine Lemire
51 Madison Avenue, 22nd Floor
New York, New York 10010
jacquelinestykes@quinnemanuel.com
markfuchs@quinnemanuel.com
katherinelemire@quinnemanuel.com
Telephone: (212) 849-7000

3