UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEHMET EMIN TATAS,

                    Plaintiff,

          -*against*-

ALI BABA'S TERRACE, INC., ALI RIZA
DOGAN, SENOL BAKIR, and TOLGAHAN
SUBAKAN,

                    Defendants.

**ORDER**

19-cv-10595 (ER)

RAMOS, D.J.

On October 10, 2024, the Court granted in part Tatas' motion for costs. Doc. 255. The Court awarded $3,281.35 in costs to Tatas and declined to award any costs based on a prior discovery dispute.[1]  *Id.*  On October 13, 2024, Tatas submitted a motion for reconsideration asking the Court to reconsider its decision because of the prior discovery dispute. Doc. 256–57. On October 16, 2024, the Court directed the defendants to respond to Tatas' motion for reconsideration. Doc. 258. On October 23, 2024, the defendants submitted a letter opposing Tatas' motion for reconsideration. Doc. 259. For the following reasons, Tatas' motion for reconsideration is DENIED.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

---

[1] The prior discovery dispute was addressed by the Court at a January 29, 2021 conference, at which the Court largely denied Tatas' request to compel the production of certain documents. *See* Doc. 251 at 12, 84–101 (transcript of January 29, 2021 conference). The discovery dispute was fully resolved by March 3, 2021. *See* Doc. 74. Because the issue was fully resolved nearly three and a half years ago and because the Court largely ruled against Tatas, the Court declined to exercise its discretion to grant costs. Doc. 255.

2012) (citation omitted).  "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys*, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).  Here, Tatas does not identify any intervening change of controlling law or new evidence that developed after he submitted his original papers.  *See Kolel Beth Yechiel Mechil of Tartikov, Inc*., 729 F.3d at 104.  Accordingly, his request for reconsideration is denied.

**CONCLUSION**

For the foregoing reasons, Tatas' motion for reconsideration is DENIED.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 256.

SO ORDERED.

Dated:    October 31, 2024
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.