| | |
|---|---|
| MEHMET EMIN TATAS,<br>Plaintiff,<br><br>– against –<br><br>ALI BABA'S TERRACE, INC.,<br><br>ALI RIZA DOGAN, SENOL BAKIR,<br><br>and TOLGAHAN SUBAKAN,<br><br>     Defendants | 19 Civ. 10595 (ER)<br><br>**MEMO ENDORSED**<br>Defendants are directed to respond by March 25, 2025.<br><br>SO ORDERED.<br><br>_____<br>Edgardo Ramos, U.S.D.J.<br>Dated: March 18, 2025<br>New York, New York |

**PLAINTIFF`S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR STAY OF INJUNCTION PENDING APPEAL**

### MOTION FOR STAY OF EXECUTION

Plaintiff, Mehmet Emin Tatas , hereby moves this Court for an order staying the execution of the judgment entered against him in this action, specifically to prevent the Defendants Ali Babas Terrace Inc, Ali Riza Dogan, Senol Bakir and Tolgahan Subakan from collecting costs pursuant to Rule 68 (Offer of Judgment) pending the outcome of Plaintiff's appeal currently before this Court.

### STATEMENT OF FACTS

This Court is familiarity with the background of this case, which is described in detail in the Court's prior opinions, after over four years of discovery and motion practice before this Court, including motions to dismiss, summary judgment and summary judgment motion reconsideration which plaintiff had prime facie case his discriminatory claims by a preponderance of evidence. See Docket No. 33, 122, 131. On March 14, 2023, the Defendant served a Rule 68 Offer of Judgment upon the Plaintiff in this case pursuant to Federal Rule of Civil Procedure 68. Doc. 246-4. The offer allowed Tatas to take judgment against Ali Baba's on behalf of all Defendants for $77,500.00. The Plaintiff did not accept the Offer of Judgment and proceeded to trial, where a judgment was entered against plaintiff On June 4, 2024, filed a notice of appeal from the judgment entered in the case. Doc. 241. The Plaintiff has timely filed a Notice of Appeal challenging the judgment and is currently awaiting a decision from the Appellate Court. Defendants moved pursuant to Rule 68 for their costs. Docket No.245. Defendants are awarded a total of $18,884.95 in costs. Tatas is awarded a total of $3,281.35 in costs. See Docket No.255. The Defendant now seeks to collect

costs from the Plaintiff based on the unaccepted Rule 68 Offer of Judgment see Plaintiff`s *Exhibit-D*, which would significantly prejudice the Plaintiff's appeal if allowed to proceed before the appeal is decided.

**I. Standards applicable to a motion for stay pending appeal**

In considering whether to grant a stay pending appeal, the Court must consider four factors: **(1)** the applicant's likelihood of success on the merits; **(2)** whether the applicant will suffer irreparable injury**; (3)** the balance of hardships to other parties interested in the proceeding; and **(4)** the public interest. See *In re Friedberg, No. 91 CIV. 7490 (JFK), 1991 WL 259038, at *2 (S.D.N.Y. Nov. 25, 1991) (*considering the four factors of the preliminary injunction test for a stay pending appeal of an order appointing a trustee*).* See, e.g., In re *Turner, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997), as amended (Mar. 4, 1997)* (adopting the test enumerated in *Hirschfeld); In re Brown, No. 18-10617 (JLG), 2020 WL 3264057, at *5 (Bankr. S.D.N.Y. June 10, 2020) (same); In re Sphere Holding Corp., 162 B.R. 639, 642 (E.D.N.Y. 1994) (same). Hirschfeld v. Bd. of Elections in New York, 984 F.2d 35, 39 (2d Cir. 1993) (quoting Dubose v. Pierce, 761 F.2d 913, 920 (2d Cir. 1985))..* Each of these factors favors entry of a stay in this case.

**II.  MEMORANDUM IN SUPPORT**

If the plaintiff's appeal process is ongoing, a final judgment has not been entered, and therefore, the defendant cannot invoke Rule 68's cost-shifting provisions. The cases  *Stanczyk v. City of New York, 752 F. 3d 273, 280 (2d Cir. 2014) (a § 1983 case),* see also Supreme Court cases like *Marek v. Chesny (1985)  and  Walker v. City of New York (1992).* A granted party cannot typically collect costs under Rule 68 before the opposing party appeals because an appeal automatically stays the judgment, meaning the judgment is not final until the appeal is resolved  ; see cases like "In re: *AIG, Inc. Securities Litigation," 588 F. Supp. 2d 346 (S.D.N.Y. 2008*) and *"Pepsico, Inc. v. McColo LLC," 618 F.3d 116 (2d Cir. 2010)*, Plaintiff is likely to succeed on the merits of his claims and he has hardship he spent sum of these expenses total of $25,883.75 (as  of  August  2024)

 A. *Purposes of a Stay of Execution:* A stay of execution is a necessary tool to preserve the status quo pending appeal when a party could suffer irreparable harm if the judgment is executed before the appellate review is complete.

*B. Prejudice to Plaintiff***:** If the Defendant is allowed to collect costs under Rule 68 before the appeal is decided, the Plaintiff will be forced to expend significant funds to cover those costs, potentially hindering their ability to

effectively pursue their appeal. The Appellant will be irreparably harmed in the absence of a stay because it is being impaired from properly exercising rigts explicitly  See *Maryland v. King, 567 U.S. 1301, 1303 (2012)*

*C. No Harm to Defendants*: Granting a stay of execution will not harm the Defendant, as they will still be able to collect costs if the appeal is unsuccessful. The balance of hardships and the public interest also favor a stay because the defendants thus will not suffer any material harm from the October 10,2024 court ruled, before final judgment in this action. All defendants are covered an insurance EPLI policy with Admiral Insurance Company (the "Policy") that provides coverage for defense costs and pay all a portion of any liability found against the ABT and/or the Individual Defendants. See Docket No.105-1 a copy of the Policy as **Exhibit "A**." The insurance carrier has acknowledged coverage of the claims asserted by Plaintiff in the instant proceeding with respect to all Defendants. Plaintiff respectfully request that the Court grant a stay pending appeal of the part of the October 10,2024 court ruled see Docket No.255 that decided cost against the plaintiff ground of inadmissibility. The appelles will not be harmed by a stay, and a stay is in the public interest. Relief is proper only when it is needed to prevent harm that "cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations v. Pryor, 481 F.3d 62, 66 (2d Cir. 2007) (per curiam)).* The defendants have not met this requirement.

*D. Plaintiff`s request satisfies all the factors justifying a stay:* The court can find that the "plaintiff presented more than sufficient evidence from which the jury could have reasonably concluded, as instructed, that defendants discriminated plaintiff base on his race and national origin claim .A matter of law, the defendants can not satisfy this standard for the same reasons cited here arguments was already filed to Appellant Court. The jury's findings were not well supported by the evidence at trial, and the Court can concluded that the jury's verdict is against the weight of the evidence and that it is reached a seriously erroneous result. Here, the record reflects far more than Complainant-Intervenor's credible testimony of case Plaintiff is likely to succeed on appeal because the defendants do not meet their burden of proof which they could not prove none discrimination reason firing plaintiff any other provision of law see in plaintiff`s *Exhibit-A* and *C*. Ruling likely will be overruled. Defendants changed their statements/pretext and accusations multiple times accordingly because all of these claims were false see plaintiff`s *Exhibit-B* in their Response to Plaintiff`s Initial Brief. Thus defendants` and their witnesses poorly coordinated testimony demonstrates that their testimony was not credible, if the verdict is **[(1)]** seriously erroneous or **[(2)]** a

miscarriage of justice." Given these circumstances, the Court should grant a stay of the injunction pending appeal. Plaintiff also will suffer irreparable harm in the absence of a stay, because the injunction interferes with the judgments of the appellant court.

## CONCLUSION

**PRAYER FOR RELIEF**  A stay pending appeal allows the appellate court to review the case without forcing the aggrieved party to comply with a potentially erroneous judgment. This is especially important in cases where the lower court's ruling is controversial or where there are significant legal questions at stake see in *Power Recovery Sys., Inc*. Plaintiff respectfully requests that this Court issue an order staying the execution of the judgment, specifically preventing the Defendant from collecting costs pursuant to Rule 68, pending the outcome of the Plaintiff's appeal.

Respectfully Submitted,

*(s) Mehmet E Tatas*

Dated: March 14, 2025

Pro-Se- Mehmet Emin Tatas

43 Vine Street Lynbrook, NY 11563

Cellular: 530-400-3340

## CERTIFICATE OF SERVICE

I hereby certify that on March 14 ,2025  Plaintiff`s  Memorandum of  Law  Motion Stay of  Injunction   was served in accordance with the Federal Rules of Civil Procedure, the Southern  District  Court`s Rules on Electronic Service upon the following parties and participants by electronic:

Diane Krebs

JACKSON LEWIS P.C.

4


ATTORNEYS FOR DEFENDANT

58 South Service Road, Suite 250 Melville, New York 11747

Tel.: (631) 247-0404

*(s) Mehmet E Tatas*

March 14,2025

Pro Se Mehmet Emin Tatas

43 Vine Street Lynbrook, NY 11563

Phone: 530-400-3340

juliomehmet@windowslive.com